**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**DETRICK DEWAYNE HARRIS, # 39949**                                             **PLAINTIFF**

**VERSUS**                                  **CIVIL ACTION NO. 3:12cv883-DPJ-FKB**

**STATE OF MISSISSIPPI, MISSISSIPPI
DEPARTMENT OF CORRECTIONS,
HINDS COUNTY, JACKSON POLICE
DEPARTMENT, CENTRAL MISSISSIPPI
MEDICAL CENTER, LAUDERDALE
COUNTY, SERGEANT RUFFIN,
COMMISSIONER CHRISTOPHER EPPS,
DEPUTY COMMISSIONER ARCHIE
LONGLEY, DEPUTY WOMACK,
SERGEANT LEWIS, DR. TATUM, ERNEST
SAXTON, and THOMAS DUPONT**                                 **DEFENDANTS**

<u>**ORDER DISMISSING THE STATE, MDOC, AND POLICE DEPARTMENT**</u>

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal.

Plaintiff Detrick Dewayne Harris is incarcerated with the Mississippi Department of Corrections

("MDOC").  He filed this action for damages alleging wrongful arrest and convictions, excessive

force, and unconstitutional conditions of confinement.  The Court has considered and liberally

construed the pleadings.  As set forth below, Defendants State of Mississippi, Mississippi

Department of Corrections, and Jackson Police Department are dismissed.

**I.      Background**

Harris initiated this action on December 26, 2012.  Among others, he sues the State of

Mississippi, MDOC, and the Jackson Police Department.  As is relevant to the first two, Harris

alleges that he was incarcerated at the East Mississippi Correctional Facility in 2010 on a prior

conviction.  On July 14, 2010, he was released and handed over to the Hinds County Detention

Center, to await trial on additional charges from 2007.  He complains that he did not waive

extradition and that MDOC did not give its permission for, and he did not receive notice of, the

transfer.  He also alleges there were no pre-deprivation procedures prior to the transfer.  Liberally

construed, he appears to allege that he was not served with an arrest warrant.  He alleges that this

arrest caused him to be subjected to various unconstitutional conditions of confinement at the

Hinds County Detention Center while he was awaiting trial.

Finally, Harris claims that the Jackson Police Department caused him to be wrongfully

convicted and sentenced to four life sentences.  He admits that a direct appeal of those

convictions is pending before the Mississippi Court of Appeals.

## II.    Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma*

*pauperis* in this Court.  One of the provisions reads, "the court shall dismiss the case at any time

if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The statute "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose

factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "[I]n an

action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative

defenses that are apparent from the record even where they have not been addressed or raised."

*Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the

proceeding for frivolousness or maliciousness even before service of process or before the filing

of the answer." *Id.*  The Court has permitted Harris to proceed *in forma pauperis* in this action.

His Complaint is subject to *sua sponte* dismissal under § 1915.

      A.    <u>State and MDOC</u>

Harris sues the State and MDOC under 42 U.S.C. § 1983, and read liberally, under state

law for releasing him from prison to the Hinds County Sheriff's Department.  He contends that

he did not "waive extradition," MDOC did not grant permission for the release, and he was not

served with a warrant.  He seeks damages as a result.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes to be subjected, any citizen of the
> United States . . . to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  The State of Mississippi is not amenable to suit under this statute, because "a

State is not a person within the meaning of § 1983."  *Will v. Mich. Dep't of State Police*, 491

U.S. 58, 64 (1989).  This holding likewise applies to "any governmental entities that are

considered 'arms of the State' for Eleventh Amendment purposes."  *Id.* at 70.  MDOC is

considered an arm of the State of Mississippi.  Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of

Corr.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006).

Therefore, the § 1983 claims against the State and MDOC are dismissed.

To the extent the State and MDOC are sued under the Mississippi Tort Claims Act, the

Act does not waive the State's Eleventh Amendment immunity "from suit in federal court."

Miss. Code Ann. § 11-46-5(4).  Therefore, the state law claims against these two Defendants are

dismissed as well.

B.     Jackson Police Department

Harris next complains that the Jackson Police Department caused him to be wrongfully convicted (1) with an allegedly tainted photographic lineup, (2) in violation of *Miranda*, (3) in violation of his right to a speedy trial, and (4) with false evidence.

A § 1983 claim that challenges the fact or duration of a state conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on these claims against the Police Department would necessarily invalidate Harris's state-court convictions. These claims could only proceed if he proves the convictions have already been invalidated. He admits the convictions still stand, and he is currently challenging his convictions before the Mississippi Court of Appeals. Therefore, it is clear that he has not yet been granted a reversal in this matter.

Because the convictions have not yet been invalidated, Harris is precluded by *Heck* from challenging them in this § 1983 civil action. The § 1983 claims against the Police Department are dismissed with prejudice for failure to state a claim, until such time as he successfully has the state-court convictions invalidated via appeal, post-conviction relief, habeas, or otherwise.

4

*Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). These dismissals count as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### III.   Conclusion

The State and MDOC are dismissed, because they are not § 1983 "persons" and are immune from suit in federal court on the state-law claims. The claims against the Jackson Police Department are barred by *Heck*.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the § 1983 claims against Defendants State of Mississippi and Mississippi Department of Corrections should be and are hereby **DISMISSED WITH PREJUDICE**. The state-law claims against these Defendants are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Jackson Police Department is **DISMISSED WITH PREJUDICE** until *pro se* Plaintiff Detrick Dewayne Harris successfully has the state-court convictions invalidated via appeal, post-conviction relief, habeas, or otherwise. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED** this the 20th day of June, 2013.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE