IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DETRICK DEWAYNE HARRIS                                                                PLAINTIFF

VS.                                                             CIVIL ACTION NO. 3:12cv883-DPJ-FKB

STATE OF MISSISSIPPI, et al.                                                        DEFENDANTS

## REPORT AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 asserting numerous claims regarding his confinement.  Having considered Plaintiff's complaint, other documents filed by him, and his testimony at the *Spears*[1] hearing, the undersigned recommends that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff's written filings, and his testimony at the hearing, are difficult to follow and, at times, incomprehensible.  The focus of Harris's lawsuit appears to be a period of approximately fifteen months when he was housed at the Hinds County Detention Center.  He claims that he did not get proper notice that he was being transferred to HCDC and that while there, he was subjected to excessive force.  However, at the hearing it became clear that his excessive force claims do not involve an allegation that a person actually physically assaulted him.  Rather, he believes that some non-human forces, including a "glistening DNA component not of human form," physically and mentally attacked him, stabbed him with sharp instruments, and surgically sliced open his heart.

Plaintiff has also attempted to assert claims against Lauderdale County concerning

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

convictions for burglary and auto theft.  Harris seems to be claiming that county officials did not have probable cause to arrest him and used false evidence to convict him.  He was unable to give any further details regarding this claim.  It appears that these claims would likely be barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).  In any event, Plaintiff has failed to provide sufficient details to state a claim.

At the hearing, Plaintiff stated that he is suing Defendant Lewis for denying him emergency medical treatment for acid reflux.  Plaintiff admitted, however, that he saw a physician for this problem, and he has failed to articulate any facts from which an inference could be drawn that Lewis was deliberately indifferent to any serious medical need.  Plaintiff's conclusory allegations are insufficient to state a constitutional claim for denial of medical treatment.

The undersigned concludes that Harris's claims have no basis in law and fact.  Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 21st day of November, 2013.

                                             /s/ F. Keith Ball
                                             UNITED STATES MAGISTRATE JUDGE