UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DETRICK DEWAYNE HARRIS                                                                PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:12-cv-883-DPJ-FKB

HINDS COUNTY, et al.                                                                  DEFENDANTS

ORDER

This pro se prisoner action brought under 42 U.S.C. § 1983 is before the Court on the Report and Recommendation [72] of the United States Magistrate Judge. Plaintiff Detrick Dewayne Harris is a state prisoner and he alleges that he was improperly transferred, subjected to excessive force, and denied medical treatment. United States Magistrate Judge F. Keith Ball recommends dismissing this action as frivolous. Harris filed Objections [73]. The Court finds that the Report and Recommendation should be adopted.

I.      Background

Harris initiated this action on December 26, 2012. He sues various state and local entities and officers. Harris alleges that he was incarcerated at the East Mississippi Correctional Facility in 2010 on a prior conviction. On July 14, 2010, he was released and handed over to the Hinds County Detention Center (HCDC) to await trial on additional charges from 2007. He complains that he did not waive extradition and that MDOC did not give its permission for, and he did not receive notice of, the transfer. He also alleges there were no pre-deprivation procedures prior to the transfer. Liberally construed, he appears to allege that he was not served with an arrest warrant. He alleges that this arrest caused him to be subjected to various unconstitutional conditions of confinement at the Hinds County Detention Center while he was awaiting trial. He also claims that he was denied emergency medical treatment for acid reflux. Finally, Harris

claims that the Jackson Police Department caused him to be wrongfully convicted and sentenced to four life sentences.

II.	Analysis

Judge Ball's report and recommendation finds that Harris has not alleged a constitutional deprivation related to his transfer and housing at HCDC. The Court agrees. Harris has not presented any facts that would support a claim that he was unlawfully transferred to HCDC. According to testimony at the hearing, Harris believes he was attacked by "glistening . . . DNA components, not of a human form" while at HCDC. There is no allegation that he was attacked by any person. He cannot sustain a claim based on excessive force.

Harris also claims he was denied medical treatment. A pretrial detainee has a due process right to receive reasonable medical care. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). The right is equivalent to the Eight Amendment right enjoyed by prisoners. *Id.* Thus, a pretrial detainee seeking to recover for a denial of reasonable medical care must allege deliberate indifference to serious medical needs. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). To establish deliberate indifference, a plaintiff must show that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "A delay in medical care violates the Eighth Amendment only if it is based on deliberate indifference and results in substantial harm." *Cullum v. Texas Dep't of Criminal Justice*, 375 F. App'x 417, 419 (5th Cir. 2010) (citing *Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir.1993)). In his objections, Harris alleges that a guard told him "why do you

have to do this on my shift" and sent him back to his cell. But Harris admits he received medical attention an hour or two after his request when the next guard came on shift. He never alleges a serious medical need or substantial harm. His claim for denial of medical treatment is dismissed.

As to Harris' claims that he was arrested without probable cause and convicted based on false evidence, Judge Ball's recommendation is that these claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and that Harris fails to sufficiently state a claim. "*Heck* specifies that a prisoner cannot use § 1983 to obtain damages where success would necessarily imply the unlawfulness of a (not previously invalidated) conviction or sentence." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

Both of these claims are barred by *Heck* as they would necessarily imply the invalidity of Harris' conviction and Harris has not pleaded that his convictions have been invalidated in any way. *See Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004) (finding claims that false evidence was presented at trial and state habeas proceeding barred by *Heck*); *Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999) (finding claim based on theory that there was no probable cause for the arrest barred by *Heck*). Moreover, Harris does not present sufficient facts to sustain these claims. They are therefore dismissed.

Harris' objections are mostly incomprehensible. He seems to object to the dismissal of his claims against certain defendants who never appeared to defendant this lawsuit. But the Court has the authority to dismiss a case under 28 U.S.C. § 1915 "*at any time* if the court

3

determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii) (emphasis added). And, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). Otherwise, Harris' objections do nothing more than state in a conclusory manner that Judge Ball's findings are clearly erroneous. He does not present any facts or legal authority that would tend to demonstrate that he is entitled to any relief.

III.  Conclusion

It is therefore ordered that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a strike under 28 U.S.C. § 1915(g).

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 8th day of January, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE